UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA,

ROME DIVISION

| | |
|---|---|
| DELANDUS WHITE, Individually, and on behalf of his minor daughter DEAYRRA WHITE,<br>    Plaintiff,<br><br>v.<br><br><br>AMERICAN SOUTHERN INSURANCE COMPANY, ON TIME LOGISTIC, LLC, and AVDURAHMAN CERIMOVIC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO.  4:18-cv-119-HLM |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Delandus White, individually and on behalf of his minor daughter Deayrra White, by and through their undersigned counsel of record, and hereby files their *Complaint for Damages and Demand for Jury Trial* against American Southern Insurance Company, On Time Logistic, LLC, and Avdurahman Cerimovic. (hereinafter collectively "Defendants") and respectfully shows the Court as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Delandus White, individually and on behalf of his minor daughter (hereinafter "Plaintiff" or "Plaintiff and his daughter") by filing this Complaint is subject to the jurisdiction and venue of this Court.  Defendant On Time Logistic, LLC (hereinafter "Defendant On Time") is a Kentucky corporation with its principal place of business at 408 Castle Peak Court, Bowling

1

Green, Kentucky, 42104. Defendant On Time may be served through its registered agent: Sehmedin Golubovic, 408 Castle Peak Court, Bowling Green, Kentucky, 42104

2.

Defendant American Southern Insurance Company ("American Southern") is a Georgia corporation and may be served through its registered agent: Scott Thompson, 3715 Northside Parkway, Suite 4-800, Atlanta, Georgia 30327. American Southern is an insurance company which provides public liability insurance on the tractor and/or trailer units which were involved in the motor vehicle collision out of which this cause of action arises, and it is subject to the jurisdiction and venue of this Court under the Georgia Direct Action Statue (codified in O.C.G.A. §46-7-12) as the insured of the motor contract carrier which was operating those tractor trailer units in Georgia under a certificate of public convenience and necessity issued by the Georgia Public Service Commission.

3.

Defendant Avdurahman Cerimovic ("Defendant Cerimovic") is a resident of the Commonwealth of Kentucky and may be served with process at his residence at 504 Aristides Drive, Bowling Green, Kentucky, 42104.

4.

Venue is proper in this Court.

5.

On or about May 25, 2016, Plaintiff was traveling north bound on I-75 in Gordon County, Georgia when Defendant Cerimovic swerved into Plaintiff's lane, violently striking Plaintiff's vehicle.

6.

The impact from Defendant Cerimovic's vehicle cause Plaintiff's vehicle to spin out of control.

7.

As Plaintiff's vehicle sun out of control, it crossed multiple travel lanes before colliding with a guardrail, flipping over, and coming to rest upside-down in the center median.

10.

The force of the impact from Defendant Cerimovic'c tractor trailer caused Plaintiff and his daughter to incur significant bodily injuries.

11.

American Southern is not a joint tortfeasor with the other Defendants. American Southern is joined by virtue of their contractual obligations to pay for the negligence of the motor carrier, the agents, employees, drivers, and servants of its insured.  Defendant On Time and/or Defendant Cerimovic had a policy of indemnity insurance with American Southern that provided coverage that was in effect at the time of the subject collision.

12.

At all relevant times, Defendant Cerimovic was operating his vehicle as an agent and/or employee of On Time, including at the time of the subject collision.

## COUNT ONE

## NEGLIGENCE OF DEFENDANT CERIMOVIC

13.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

14.

At all relevant times, Defendant Cerimovic owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Cerimovic did violate them in the following particulars at least:

    (a)    In Defendant's failing to maintain a diligent lookout ahead for traffic, said negligence constituting common law negligence;

    (b)    In Defendant's failing to maintain his lane;

    (c)    In Defendant's failing to yield to Plaintiff while changing lanes;

    (d)    In Defendant's failing to have said vehicle under proper and immediate control, said negligence constituting common law negligence; and

    (e)    In Defendant's otherwise being negligent and careless in operating said vehicle.

15.

The violation of the aforementioned duties of care constitute negligence and *negligence per se*.

16.

Defendant Cerimovic's negligence is the sole and proximate cause of the collision, and Plaintiff's and his daughter's resulting injuries.

17.

As a direct and proximate result of the breaches of duty by Defendant Cerimovic, Plaintiff and his daughter suffered injuries and damages, including significant physical injuries, medical and other necessary expenses, lost income, and mental and physical pain and suffering.

18.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from

Defendant in an amount to be proven at trial.

## COUNT TWO
## IMPUTED LIABILITY

19.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

20.

At all times relevant to this action, Defendant Cerimovic was under dispatch for Defendant On Time.

21.

At the time of the subject collision, Defendant Cerimovic was operating his vehicle on behalf of Defendant On Time.

22.

Defendant On Time is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Cerimovic in regard to the collision described in this Complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

23.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

24.

Defendant On Time was negligent in hiring Defendant Cerimovic and entrusting him to drive a tractor-trailer.

25.

Defendant On Time was negligent in failing to properly train Defendant Cerimovic.

26.

Defendant On Time was negligent in failing to properly supervise Defendant Cerimovic.

27.

Defendant On Time's negligence in hiring Defendant Cerimovic and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT FOUR
## DIRECT ACTION

28.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

29.

Defendant American Southern. is subject to a direct action as the insurer for Defendants On Time and/or Cerimovic pursuant to O.C.G.A. § 40-2-140 or its predecessor § 46-7-12.1.

30.

Defendant American Southern. was the insurer of Defendants On Time and/or Cerimovic at the time of the subject collision and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

31.

Defendants American Southern and/or Defendant On Time are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor § 46-7-12.1.

32.

Defendant American Southern is responsible for any judgment rendered against Defendant On Time and/or Defendant Cerimovic up to the policy limits of coverage.

## COUNT FIVE
## DAMAGES

33.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

34.

As a direct and proximate result of the breaches of duty by Defendant Cerimovic, On Time, and/or ABC Corp., Plaintiff suffered injuries and damages, including significant physical injuries, medical and other necessary expenses, lost income, and mental and physical pain and suffering.

35.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

## COUNT SIX

## ATTORNEYS' FEES

36.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

37.

Plaintiff is entitled to a judgment for attorneys' fees by virtue of the fact that Defendants have acted in bad faith, been stubbornly litigious, or has caused the Plaintiff(s) unnecessary trouble and expense.

## COUNT SEVEN
## PUNITIVE DAMAGES

38.

Plaintiff realleges and incorporate by reference the foregoing portions of the Complaint as if set forth fully herein.

39.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to their actions and entitles plaintiff to an award of punitive damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands that he be given and pray to be awarded the following:

(a)   Judgment against the Defendants for the Plaintiff' and his daughter's medical specials;

(b)   Judgment against the Defendants for Plaintiff's and his daughter's pain and suffering in an amount to be determined by the jury;

(c)   Judgment against the Defendants for punitive damages, in amount to be determined by the jury;

(d)     Judgment against the Defendants for attorneys fees, in an amount to be determined;

(e)     All costs and interest of this action; and

(f)     Any and all other relief deemed appropriate by the Court.

This 18th day of May, 2018.

*/s/ Ryan T. Strickland*
RYAN T. STRICKLAND
GEORGIA BAR NO. 687904
FOR THE FIRM
*ATTORNEY FOR PLAINTIFF*

**THE STRICKLAND FIRM, L.L.C.**
222 CHEROKEE STREET
MARIETTA, GEORGIA 30060
PHONE: (770) 420-9900
EMAIL: RYAN@THESTRICKLANDFIRM.COM